UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

MTS LOGISTICS INC.,

       Plaintiff,

    -v-

MANGILARDI SPECIALTIES, a/k/a DGA
GOTHICSTONE,

       Defendant.

----------------------------------------------------------x



No.  08 Civ. 6792 (LTS)(GWG)

## MEMORANDUM ORDER

On July 30, 2008, Plaintiff MTS Logistics, Inc. ("Plaintiff"), filed the above-

captioned action against Defendant Model Tile & Marble, Inc. ("Defendant"), alleging that

Defendant failed to pay fees due and owing pursuant to maritime agreements made for the purpose

of, inter alia, shipping Defendant's cargo.  Plaintiff now moves under Rule 55 of the Federal Rules

of Civil Procedure for entry of a default judgment against Defendant, and an award of judgment in

the total amount of $4,672.35 (which includes costs and fees), plus interest.

Plaintiff served the summons and complaint on Defendant on August 11, 2008.

Defendant has not filed an answer and the time to do so has expired, and Defendant has yet to

appear in the action.  On April 3, 2009, the Court issued an Order allowing Plaintiff to file the

instant motion for default judgment.  Plaintiff filed its motion, with proof of service, on May 8,

2009.  Defendant has not responded to date.

In deciding a motion for default judgment, the Court must consider the following

three factors: (1) "whether the defendant's default was willful; 2) whether defendant has a

meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Mason Tenders Dist. Council v. Duce Constr. Corp., No. 02 Civ. 9044(LTS)(GWG), 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003). The Court finds that all three factors weigh in favor of granting Plaintiff's request for default judgment.

Defendant's non-appearance in the action and failure to respond to the complaint and the instant motion practice indicate willful conduct. Further, the Court is unable to determine whether Defendant has a meritorious defense to Plaintiff's allegations because it has presented no such defense to the Court. Thus, Plaintiff's allegations are deemed admitted. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). Finally, denying the motion would be unfairly prejudicial to Plaintiff, because Defendant has failed to respond or appear. Pursuant to Rule 55(a), the Court may enter default due to this failure. See Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."). Accordingly, Plaintiff's motion for default judgment is granted.

Plaintiff's request for interest is contained in an affidavit submitted by counsel for Plaintiff included in Plaintiff's motion papers, but Plaintiff does not provide any basis for the Court to determine, in its discretion, whether prejudgment interest should be awarded and if so, to what extent. Accordingly, Plaintiff's request for prejudgment interest is denied.

For the foregoing reasons, Plaintiff's motion for default judgment and request for an award of $4,672.35 is granted, and Plaintiff's request for prejudgment interest is denied. The Clerk

of Court is respectfully requested to terminate Docket Entry No. 9, enter judgment against

Defendant in accordance with this Memorandum Order, and close this case.


SO ORDERED.

Dated: New York, New York
     June 5, 2009

                                                LAURA TAYLOR SWAIN
                                                United States District Judge